**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GUADALUPE GALAVIZ,<br><br>Defendant. | Criminal No. 12-cr-125-19 (CKK) |

**MEMORANDUM OPINION**
(September 15, 2015)

Presently before the Court is Defendant Guadalupe Galaviz's [288] Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), which the Government opposes. Galaviz requests that the Court modify or reduce his sentence based on § 3582(c) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which retroactively reduced by two levels the offense levels assigned to certain drug offenses. The Government opposes the request, arguing that Galaviz is not eligible for a reduction in sentence and, if he is, that the Court should not exercise its discretion to reduce his sentence. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that it is within its discretion to reduce Galaviz's sentence pursuant to § 3582(c). As such, the Court shall permit the parties to submit memorandums in aid of sentencing, setting forth their position as to whether the Court should exercise its discretion to reduce Galaviz's sentence and the reasons that support their position. Accordingly, Mr. Galaviz's motion is HELD IN ABEYANCE pending the Court's

---

[1] Def.'s Mot. for Mod. or Red. of Sentence ("Def.'s Mot."), ECF No. [288]; Mem. from U.S. Probation Office ("Prob. Mem."), ECF No. [302]; Def.'s Reply in Opp'n to Mem. ("Def.'s Opp'n to Prob. Mem."), ECF No. [303]; Govt.'s Opp'n to Mot. for Mod. or Red. of Sentence ("Govt.'s Opp'n"), ECF No. [310]; Def.'s Resp. to Govt.'s Opp'n to Def.'s Mot. to Mod. or Red. of Sentence ("Def.'s Resp. to Govt.'s Opp'n"), ECF No. [329].

receipt of the parties' memorandums.

## I. BACKGROUND

Galaviz was charged by indictment with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 28 grams or more of cocaine base in violation of 21 U.S.C. § 846. Indictment, ECF No. [25]. On November 6, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Galaviz pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(i), and one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine powder in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B)(ii). *See* Plea Agmt., ECF No. [229]. Pursuant to the terms of the plea agreement, the parties agreed that the appropriate sentence of imprisonment should be 15 years (180 months). *Id.* at 2. After conducting a plea hearing, the Court accepted the plea agreement and, on February 6, 2014, the Court sentenced Galaviz to a term of 180 months imprisonment on both counts to run concurrently, with credit for time served. Judgment, ECF No. [268]. Galaviz did not appeal his sentence and conviction, and currently is serving the term of imprisonment.

Pending before the Court is Galaviz's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). Galaviz argues that the Court should reduce his sentence in light of Amendment 782 to the Sentencing Guidelines which permits the retroactive reduction in the base offense levels for certain drug offenses. The Government opposes Galaviz's motion and the United States Probation Office recommends that the Court not reduce Galaviz's sentence.

## II. DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010).

However, section 3582(c) of Title 18 of the United States Code provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only under one of these circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2).

Here, Galaviz bases his claim on Amendment 782, a retroactive amendment to the applicable sentencing guideline range in the instant action. The parties dispute whether Galaviz is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582 and, if he is eligible, the applicable guideline range should his sentence be reduced. The Court shall address each issue in turn.

A. *Galaviz's Eligibility for a Sentence Reduction*

The Government argues that Galaviz is ineligible for a sentencing reduction for two reasons. First, the Government argues that pursuant to the terms of his plea agreement, Galaviz waived his right to seek a reduction of his sentence under 18 U.S.C. § 3582(c). Govt.'s Opp'n at 6-7. Second, the Government argues that even if Galaviz did not waive his right to seek a sentence reduction, he is otherwise ineligible for a reduction because his sentence was not based on the applicable guideline range at the time of sentencing. *Id.* at 8.

Turning to its first argument, the Government contends that Galaviz waived his right to seek a sentence reduction pursuant to 18 U.S.C. § 3582(c) based on the terms of his plea agreement.[2] "A 'knowing, intelligent, and voluntary' waiver of the right to appeal 'generally may

---

[2] While the D.C. Circuit has not specifically addressed the issue of whether a criminal defendant's waiver of his right to seek relief under § 3582(c) based on a retroactive amendment to the sentencing guidelines is enforceable, the Tenth Circuit has reached the issue and held that such waivers are enforceable if they are made knowingly and voluntarily, and enforcement of the


be enforced.'" *United States v. Adams*, 780 F.3d 1182, 1183 (D.C. Cir. 2015) (quoting *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009)). As the United States Court of Appeals for the District of Columbia Circuit explained:

> An anticipatory waiver—that is, one made before the defendant knows what the sentence will be—is nonetheless a knowing waiver if the defendant is aware of and understands the risks involved in his decision. If 'the record [shows] that [the defendant] knows what he is doing and his choice is made with eyes open,' . . . then the Court will enforce an anticipatory waiver.

*Guillen*, 561 F.3d at 529-30 (internal citations omitted). The Court notes that in the instant action, Galaviz and the Government agreed upon a sentence pursuant to Rule 11(c)(1)(C).

Here, the Government argues that Galaviz gave a knowing, intelligent, and voluntary waiver of the right to seek a sentence reduction pursuant to 18 U.S.C. § 3582. The Government cites to the language of the written plea agreement in support of this contention. Govt.'s Opp'n at 2. In relevant part, the written plea agreement entered into by Galaviz indicates:

> Your client also waives any right to challenge the conviction or sentence or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, (a) a motion brought under 28 U.S.C. § 2255, except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel in entering into this Agreement; **(b) a motion brought under 18 U.S.C. § 3582(c)(2)**; and (c) a motion brought under Federal Rule of Civil Procedure 60(b).

Plea Agmt. at 8 (emphasis added). Based on this language in the plea agreement, the Government argues that Galaviz explicitly waived his right to bring the instant motion. Govt.'s Opp'n at 6. While the Court agrees that the language of the written plea agreement appears to demonstrate that

---

waivers would not result in a miscarriage of justice. *See, e.g., United States v. Frierson*, 308 Fed. App'x 298, 299 (10th Cir. 2009). The Court finds that based on the facts of this case, any such waiver in this action was not knowing and voluntary. As such, the Court need not address the issue of whether such a waiver is generally enforceable in this jurisdiction.

4

Galaviz may have waived his right to request a sentence reduction, the Court cannot conclude that any such waiver was knowing, intelligent, and voluntary based on a review of the record as a whole.

Specifically, the Government's argument fails based on the discussion that took place on the record during Galaviz's plea hearing. Indeed, during the plea hearing, the parties and the Court discussed the waiver in question:

> THE COURT: Okay. Why don't I—I'll go through the next paragraph because it actually is also a waiver giving up a right.
>
> The—once the Court has sentenced you, then you—besides a direct appeal, which we've just talked about, there is what we call a collateral attack, and this can be—it's under a particular motion, it's by Statute 2255. And it generally is things that are found out at a later point that you wish to bring up that may not have been brought up with your direct appeal, or if you didn't directly appeal, they may be things that you can bring up.
>
> Now, in this particular case you've agreed not to file that, but if you find out new evidence that something came up, or if you're bringing a claim that your lawyer didn't provide you with effective assistance, then you can go ahead and file that kind of attack. It's another way of appealing, basically, your sentence. Do you understand that so far?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Now, they've added in here the exceptions include the newly discovered evidence, in other words, you could if you found newly discovered evidence filed this 2255. If you're claiming you've had—you know, your lawyer didn't effectively represent you, you could file a 2255. **And if you brought a motion under 3582(c)(2), and that relates to if the Sentencing Commission—which is the one that comes up with these guidelines—if they subsequently lower them, and then either on your motion or the Bureau of Prisons', I could—I would be able to reduce your term of imprisonment after considering various factors. So you reserve that right to be able to, if the sentencing guidelines change and are lower, to come back under certain circumstances to request the Court to lower the sentence, even if it is this Rule 11(c)(1)(C). Do you understand that?**
>
> THE DEFENDANT: I do.

Tr. 32:11—33:18 (Nov. 6, 2013), ECF No. [309] (emphasis added). No objection was made by either party at the plea hearing to this mistaken characterization of Galaviz's remaining rights if the plea agreement was accepted by the Court. Given the conflicting information in the record, the Court rejects the Government's assertion that Galaviz waived his right to bring a motion pursuant to § 3582(c)(2) based on the terms of plea agreement.

Turning to the Government's next argument, the Government contends that even if the Court finds that Galaviz did not waive his right to bring the instant motion, his claim should nevertheless be denied because the Court based his sentence on the parties' Rule 11(c)(1)(C) plea agreement and not on the relevant guideline range. In *Freeman v. United States*, -- U.S. --, 131 S. Ct. 2685 (2011), the Supreme Court of the United States addressed the issue of whether a criminal defendant who enters into a plea agreement that recommends a particular sentence as a condition of the plea pursuant to Rule 11(c)(1)(C) may be eligible for relief under 18 U.S.C. § 3582. *Id.* at 2690. In *Freeman*, a majority of the Court in fragmented opinions held that there is no *per se* rule barring a defendant who enters into a Rule 11(c)(1)(C) plea agreement that is subsequently accepted by the Court from seeking a reduction of his sentence pursuant to § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines. However, the plurality and the concurring opinions set forth different reasons for reaching the ultimate holding. The four-Justice plurality held that a defendant could seek relief under § 3582(c)(2) if the *judge's sentencing decision* was "based on" the guideline range. *Freeman*, 131 S. Ct. at 2695 ("Even when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief."). In a concurring opinion, Justice Sonia Sotomayor found that the focus of the relevant inquiry should be whether the *plea agreement between the parties* used the

guideline sentencing range that has subsequently been lowered. *Id.* at 2699 (Sotomayor, J., concurring).

In *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013), the D.C. Circuit addressed the Supreme Court's split opinion in *Freeman* and held that the plurality opinion controls in this Circuit. *Id.* at 351 ("[T]he question for the court, upon independent analysis of the statute, is when a sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"); *In re Sealed Case*, 722 F.3d 361, 365 (D.C. Cir. 2013) (explaining that the D.C. Circuit held in *Epps* that the plurality opinion in *Freeman*, "guides our determination whether a sentence was 'based on' a subsequently-lowered range"). As such, the relevant inquiry is whether this Court, as the sentencing court in this action, based its sentencing decision on the guideline range that was retroactively lowered by the Amendment 782 to the Sentencing Guidelines. As the D.C. Circuit explained, "[A] defendant's sentence is 'based on' a subsequently-lowered guideline range 'to whatever extent' that range 'was a relevant part of the analytic framework the judge used to determine the sentence . . . .'" *In re Sealed Case*, 722 F.3d at 368 (quoting *Freeman*, 131 S. Ct. at 2692-93).

Here, the Government argues that Galaviz's sentence was not based on the subsequently-lowered guideline range because "Defendant's plea agreement specified a jointly recommended sentence that was at least 30 months shorter than the otherwise applicable guideline range." Govt.'s Opp'n at 8. As such, the Government argues that the sentence imposed by the Court was not based on the guideline range because it was actually lower than the range. *Id.* The Court disagrees with the Government's contention that this Court did not base its decision on the subsequently-lowered guideline range when deciding to accept the parties' plea agreement pursuant to Rule 11(c)(1)(C). Indeed, at the plea hearing, the Court specifically discussed the

7

parties' proposed sentence after setting forth the applicable guideline range and explaining that the Court could apply a variance or departure if it were to sentence Galaviz below the guideline range. Tr. 67:15—74:22 (Nov. 6, 2013). Ultimately, the Court applied a variance/departure and sentenced Galaviz to 180 months on each count to run concurrently, below the 210 to 262 month range under the guidelines. While the Court accepted the parties' agreed-upon sentence, the Court notes that the guideline range was a relevant part of the analytic framework that it used to determine the appropriate sentence and, as such, its sentencing decision was "based on" the subsequently-lowered guideline range. Accordingly, the Court concludes that Galaviz is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines.

      B.  *Applicable Revised Guideline Range*

The parties next dispute the applicable guideline range that should be applied to Galaviz based on Amendment 782. In 2014, the United States Sentencing Commission issued Amendment 782, which retroactively reduced the offense level for certain drug trafficking offenses. *See* U.S.S.G. app. C, amend. 782 (2014). Following the procedures set forth in this jurisdiction, the instant motion was referred to the United States Probation Office for a recalculation of Galaviz's offense level and criminal history category based on the Amendment. In response to that referral, the Probation Office filed a Memorandum providing the Court with revised guideline calculations. The parties appear to agree with the U.S. Probation Office's calculation that pursuant to Amendment 782, Galaviz's total offense level should be reduced two levels. *See* Def.'s Reply to Prob. Mem.; Govt.'s Opp'n at 5. However, the Government argues that Galaviz should be treated as a defendant with a total adjusted offense level of 35, Govt.'s Opp'n at 5, whereas Galaviz argues that he should be treated as a defendant with a total adjusted offense level of a 33. Def.'s Reply

parties' proposed sentence after setting forth the applicable guideline range and explaining that the Court could apply a variance or departure if it were to sentence Galaviz below the guideline range. Tr. 67:15—74:22 (Nov. 6, 2013). Ultimately, the Court applied a variance/departure and sentenced Galaviz to 180 months on each count to run concurrently, below the 210 to 262 month range under the guidelines. While the Court accepted the parties' agreed-upon sentence, the Court notes that the guideline range was a relevant part of the analytic framework that it used to determine the appropriate sentence and, as such, its sentencing decision was "based on" the subsequently-lowered guideline range. Accordingly, the Court concludes that Galaviz is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines.

    B.  *Applicable Revised Guideline Range*

The parties next dispute the applicable guideline range that should be applied to Galaviz based on Amendment 782. In 2014, the United States Sentencing Commission issued Amendment 782, which retroactively reduced the offense level for certain drug trafficking offenses. *See* U.S.S.G. app. C, amend. 782 (2014). Following the procedures set forth in this jurisdiction, the instant motion was referred to the United States Probation Office for a recalculation of Galaviz's offense level and criminal history category based on the Amendment. In response to that referral, the Probation Office filed a Memorandum providing the Court with revised guideline calculations. The parties appear to agree with the U.S. Probation Office's calculation that pursuant to Amendment 782, Galaviz's total offense level should be reduced two levels. *See* Def.'s Reply to Prob. Mem.; Govt.'s Opp'n at 5. However, the Government argues that Galaviz should be treated as a defendant with a total adjusted offense level of 35, Govt.'s Opp'n at 5, whereas Galaviz argues that he should be treated as a defendant with a total adjusted offense level of a 33. Def.'s Reply

to Prob. Mem. at 2. For the reasons described herein, the Court agrees with the Government that any reduction of Galaviz's sentence shall be within the range for a defendant with a total adjusted offense level of 35.

In the criminal judgment in the instant action, the Court determined that Galaviz's total offense level was a 37 and his criminal history category was I. As such, the imprisonment range under the guidelines was 210 to 262 months. Stmt. of Reasons at 1, ECF No. [269]. However, the Court applied a variance/departure and sentenced Galaviz 180 months, a term of imprisonment below the guideline range. In response to the instant motion, the Probation Office calculated Galaviz's revised total offense level as 35 and his criminal history category at I, in light of the Amendment. Based on that calculation, the revised imprisonment range would be 168 to 210 months, a difference of 42 to 52 months from the original calculations. Prob. Mem., ECF No. [302].

Galaviz contests this calculation, arguing that his revised total offense level should be 33 and not 35. Specifically, Galaviz contends that this Court originally sentenced him to a term of imprisonment of 180 months which was within the guideline range for a defendant with a total offense level of 35 and a criminal history category of I, despite the fact that his offense level at that time was calculated at 37. *See* Def.'s Opp'n to Prob. Mem. Galaviz argues that because his original sentence fell within the guideline range for an offender with an offense level of 35, the Court should now apply the two-level reduction to that and treat him as a defendant with an offense level of 33. *Id.* As such, Galaviz argues that the range for his term of imprisonment under the revised guideline calculation should be 135 to 168 months, rather than the 168 to 210 months calculation provided by the Probation Office. *Id.* The Government agrees with the Probation Office's calculation as to Galaviz's revised guideline range. Govt.'s Opp'n at 5.

With certain exceptions, the Court is not authorized to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to a term that is less than the lowest term of imprisonment within the revised guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Indeed, even when a defendant is originally sentenced to a term of imprisonment that is less than the guideline range at the time of sentencing, the Court is still constrained by U.S.S.G. § 1B1.10(b)(2)(A) and may not sentence a defendant to a term of imprisonment below the lowest end of the revised guideline range. *See id.* at § 1B1.10, cmt., n.3. Here, at Galaviz's original sentencing, he was deemed to have an offense level of 37 and a criminal history category of I. The parties and the Probation Office agree that Galaviz is subject to a two-level reduction of his offense level based on the Amendment 782. As such, the Court finds that it shall treat Galaviz as an offender with a revised total offense level of 35 and a criminal history category of I. *See Dillon*, 560 U.S. at 831 ("The relevant policy statement instructs that a court proceeding under § 3582(c)(2) 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'"). Galaviz has set forth no basis for the Court to depart from this calculation. Accordingly, the relevant, revised guideline range applicable in the instant action is 168 to 210 months of imprisonment.

For the reasons described above, the Court finds that it *may* reduce Galaviz's term of imprisonment from 180 months to, at the least, 168 months based on the revised guideline range. However, the Court merely has the discretion to implement such a reduction and is not required to do so. As the Supreme Court explained:

> Indeed, even where a defendant is permitted to seek a reduction [pursuant to § 3582], the district judge may conclude that a reduction would be inappropriate. District judges have a continuing professional commitment, based on scholarship and accumulated experience, to a consistent sentencing policy. They can rely on the frameworks they have devised to determine whether and to what extent a

> sentence reduction is warranted in any particular case. They may, when considering a § 3582(c)(2) motion, take into account a defendant's decision to enter into an 11(c)(1)(C) agreement. If the district court, based on its experience and informed judgment, concludes the agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the motion, for the statute permits but does not require the court to reduce a sentence.

*Freeman*, 131 S. Ct. at 2694. Accordingly, the only issue remaining before the Court is whether it should exercise its discretion to reduce Galaviz's sentence from 180 months to a term of imprisonment of not less than 168 months. Moreover, the Court has determined that it would benefit from additional briefing from each party directly addressing this issue based on the relevant factors that the Court must consider. *See In re Sealed Case*, 722 F.3d at 370 ("'[W]hether, and to what extent, a reduction . . . is warranted,' U.S.S.G. § 1B1.10(b)(1), are decisions left to the discretion of the district court, as guided by the policy statement and the sentencing factors listed at 18 U.S.C. § 3553(a)."). As such, the parties shall file memorandums in aid of sentencing explaining their position as to this issue. Upon review of the parties' memorandums, the Court shall determine how to proceed.

### III. CONCLUSION

For the foregoing reasons, the Court finds Defendant Guadalupe Galaviz is eligible for a reduction of his current sentence pursuant to 18 U.S.C. § 3582(c). Specifically, the Court has the discretion to reduce Galaviz's term of imprisonment from 180 months to a term of not less than 168 months. However, the Court has determined that it would benefit from the parties providing memorandums in aid of sentencing to present their position as to whether the Court should exercise its discretion to reduce Galaviz's sentence. Accordingly, Galaviz's [288] Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) is HELD IN ABEYANCE pending the Court's determination as to how to proceed upon receipt of the parties' memorandums in aid of

sentencing.

An appropriate Order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE