# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                              |                                  |
|------------------------------|----------------------------------|
| UNITED STATES OF AMERICA,    |                                  |
| v.                           | **Criminal No. 12-cr-125-19 (CKK)** |
| GUADALUPE GALAVIZ,           |                                  |
| Defendant.                   |                                  |

## MEMORANDUM OPINION
(October 11, 2017)

Presently before the Court is Defendant Guadalupe Galaviz's [365] Motion to Alter or Amend Judgment, which the Government opposes in its [368] Opposition to the Defendant's Motion. Defendant requests that the Court alter or amend the judgment in this case "to reflect the correct calculation" of his sentence as 120 months instead of 180 months. Def.'s Mot. at 1. Defendant cites no authority in support of his Motion but instead relies upon his interpretation of a statement made by this Court in its April 26, 2016 Memorandum Opinion. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court shall DENY Defendant's [365] Motion to Alter or Amend Judgment.

## I. BACKGROUND

Defendant Guadalupe Galaviz ("Defendant" or "Galaviz") was charged by indictment with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 28 grams or more of cocaine base in violation of 21 U.S.C. § 846. Superseding Information, ECF No. 220. On November 6, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Galaviz pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or more of Heroin in violation of 21 U.S.C. §§ 846, 841(a), and

841(b)(1)(A)(i), and one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or more of Cocaine Powder in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B)(ii). *See* Plea Agmt., ECF No. 229. Pursuant to the terms of the plea agreement, the parties agreed that the appropriate sentence of imprisonment should be fifteen years followed by five years of supervised release. *Id.* at 2. After conducting a plea hearing, the Court accepted the plea agreement and, on February 6, 2014, this Court sentenced Galaviz to a term of "One-Hundred Eighty (180) Months on Count One (1) and One-Hundred Eighty (180) Months on Count Two (2) of the Superseding Information, said term of incarceration shall run concurrently" with credit for time served. Judgment, ECF No. 268, at 3. Galaviz did not appeal his sentence and conviction, and currently is serving his term of imprisonment.

After the sentence was imposed, Galaviz filed a Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels assigned to certain drug offenses. Motion for Modification or Reduction, ECF No. 288. The Court issued a Memorandum Opinion on April 26, 2016 finding that Galaviz was eligible for a reduction in sentence based on Amendment 782 and that the Court had the discretion to reduce Galaviz's term from 180 months to a term of not less than 168 months. *See* Memorandum Opinion, ECF No. 349, at 1. After the Court reviewed the memoranda in aid of sentencing from both Galaviz and the Government, the Court determined that it would not exercise its discretion to reduce Galaviz's sentence, and it denied the Motion for Modification or Reduction of Sentence. *Id.* at 2. In making its decision, the Court noted that "the parties and the Court agreed at the time of Galaviz's sentencing that the 180-month term of imprisonment was appropriate" and further, that "[the] sentence falls within the revised range and, notably, is at the lower end of the revised range." *Id.* at 10.

On May 23, 2016, Galaviz filed a Notice of Appeal from the Court's Order denying his Motion for Modification or Reduction of Sentence but he neither paid the filing fee nor did he move to proceed *in forma pauperis*. Notice of Appeal, ECF Nos. 350, 351. Pending before this Court is Galaviz's Motion to Alter or Amend Judgment, which is opposed by the Government, and is ripe for review by this Court.

## II. ANALYSIS

As a preliminary matter, the Court notes that Defendant cites no legal authority upon which to base his request to alter or amend the judgment in this case. Federal courts are not usually authorized to modify a sentence that has been imposed; however, there are a few narrow exceptions to this general rule. *See Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Butler*, 130 F. Supp. 3d 317, 319-20 (D.D.C. 2015). Pursuant to 18 U.S.C. § 3582, a sentence may be modified upon motion of the Director of the Bureau of Prisons if extraordinary and compelling reasons warrant the reduction, or if the defendant has reached the age of seventy and served at least thirty years in prison on a sentence imposed under section 3559(c) and the defendant is not a danger to the safety of any person or the community. 18 U.S.C. § 3582 (c)(1)(A)(i),(ii). A court may also modify a term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Finally, a sentence may be modified in the case of a defendant whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion by the Director of the Bureau of Prisons or the defendant. 18 U.S.C. § 3582(c)(1)(B)(2).

In this case, the Government contends that Defendant's motion may be treated as a Rule 35 motion to correct his sentence, which is untimely because it was filed three and one-half years after Defendant was sentenced. Govt's Opp'n at 1, 3. Federal Rule of Criminal Procedure 35(a)

3

permits correction of "a sentence that resulted from arithmetical, technical, or other clear error" within "14 days after sentencing." Fed. R. Crim. P. 35(a). Because of this multi-year delay, the Court was "not afforded the opportunity to act within the time allotted by the Rule[,] [and] this Court has no authority to extend the time for filing such a challenge beyond the time allotted by the Federal Rules of Criminal Procedure." *See United States v Howard*, 267 F. Supp. 2d 1, 4-5 (D.D.C. 2003); *see also* Fed. R. Crim. P. 45(b)(2) ("The court may not extend the time to take any action under Rule 35, except as stated in that rule.")

Defendant further contends that notwithstanding the untimeliness of the Defendant's request for a corrected sentence, Defendant's Motion is without merit because the parties negotiated a fifteen year sentence as part of the plea deal. *See* Plea Agmt. at 12 (where Defendant acknowledged that he was pleading guilty to the agreed sentence of fifteen years). At the plea hearing, the Court indicated that the amount of jail time was fifteen years (or 180 months), and the parties had agreed upon a sentence of fifteen years of jail time plus five years of supervised release. Tr. of Nov. 6, 2013 Plea Hearing, ECF No. 309, at 15:17-16:09. At the February, 2014 sentencing, the Court explained that "[t]he sentence represents the total of the mandatory minimums on each count" with the effect that the Defendant was "committed to the custody of the Bureau of Prisons for concurrent terms of 180 months on each of Counts 1 and 2." Tr. of Feb. 6, 2014 Sentencing, ECF. No. 362 at 88:16-89:05.

Defendant focuses on language from this Court's April 26, 2016 Memorandum Opinion. In that Opinion, the Court stated "[t]he term of 180 months imprisonment represented the statutory minimums on each count (10 years on Court I and 5 years on Count II) and the Court imposed that term of imprisonment **[of 15 years]** on each of the two counts to run concurrently." April 26, 2016 Memorandum Opinion at 8 (emphasis added). This statement by the Court is consistent with its

4

prior statements made during the plea hearing and the sentencing in this case. Defendant misreads this statement to suggest that the Court intended to sentence him to the statutory minimum on each respective count of conviction, *i.e.*, ten years on Count I and five years on Count II, and run those counts concurrently, resulting in a total sentence of ten years instead of the statutory minimum of fifteen years. The Defendant's aforementioned signed plea agreement and his own sentencing memorandum directly contradict Defendant's interpretation of the Court's statement. In his January 2014 sentencing memorandum, Defendant, through counsel, stated that "Mr. Galaviz will appear before this Court to be sentenced. Mr. Galaviz understands that these offenses carry an aggregate 15-year mandatory minimum sentence." Sentencing Memorandum, ECF No. 253, at 2. Accordingly, Defendant's interpretation of this Court's April 26, 2016 Memorandum Opinion stands in contrast to his own sentencing memorandum and his plea agreement. Defendant does not identify any other "error" in his sentence.

### III. CONCLUSION

This Court finds that if Defendant's request for a correction of his sentence is construed as a motion to correct his sentence pursuant to Rule 35, it should be denied as untimely. Furthermore, even assuming *arguendo* that the motion was not untimely, Defendant has misread the Court's statement in a way that is inconsistent with the entire record in this case including his plea agreement, his memorandum in support of sentencing, and oral representations made by the Court at the Defendant's plea hearing and sentencing. Accordingly, the Court shall DENY Defendant's [365] Motion to Alter or Amend the Judgment.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE